UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

JOHN KING AND LORI KING, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILDREN, JOSHUA KING, TYLER KING AND KAITLIN KING

CIVIL ACTION NO. CV03-0569-S

JUDGE WALTER

MAGISTRATE JUDGE PAYNE

VERSUS

UNITED STATES OF AMERICA

### COMPLAINT FOR DAMAGES

The complaint of **JOHN KING** and **LORI KING**, individually and on behalf of their minor children, **JOSHUA KING, TYLER KING** and **KAITLIN KING**, respectfully shows the following:

I.

Jurisdiction is vested in this Court under 28 U.S.C 1346, 28 U.S.C. 2401, 28 U.S.C. 2672 AND 28 U.S.C. 2675, all of which provides plaintiffs the jurisdictional and procedural right to bring this claim at this time; said claims have been initially presented by administrative demand to the appropriate federal agency; Department of Veterans Affairs, Houston Regional Counsel denied said claims on May 18, 2001; a request for reconsideration was filed and denied by the Department of Veterans Affairs on September 30, 2002.



II.

Made defendant herein is the **UNITED STATES OF AMERICA.**

III.

On or about January 17, 2000, John King came under the care of certain physicians of the Veterans' Administration Center in Shreveport, Louisiana, including Dr. Peter C. Shin, acting as an intergovernmental personnel act appointment to the Veterans' Administration Hospital in accordance with Title 5 U.S.C. Sect. 3377, and Dr. Jose Menendez, a Veterans Administration Hospital resident, who was at all times relevant to these proceedings, under appointment to the Veterans Administration Hospital in Shreveport, Louisiana under authority granted by Title 38 U.S.C. Sect. 7406.

IV.

John King was admitted to the Veterans' Administration Medical Center in Shreveport, Louisiana on or about January 17, 2000 for the purpose of undergoing a surgical procedure to remove plates and screws, which had been placed in his back during a prior surgery at the Methodist Hospital in Houston, Texas. John King was referred to the Veterans' Administration Medical Center in Shreveport, Louisiana by the Veterans' Administration Center in Rapides Parish, Louisiana.

V.

During the course of his hospital admission, physicians and nurses assigned to his care, including Dr. Peter C. Shin and Dr. Jose Menendez committed various acts or omissions, which approximately caused damages to Mr. King including:

    a.    Failing to adhere to the accepted national standards of medical and nursing practices required under the circumstances;

    b.    Failing to furnish plaintiff with diligent, skillful care and treatment;

c. Failing to properly supervise medical treatment;

d. Failing to use reasonable care and diligence;

e. Failing to exercise reasonable judgment;

f. Negligently removing certain pre-existing spinal instrumentation, delegation of standard practices, and contrary to recommendations of others;

g. Performing a medical procedure without proper experience, training, or skill; and

h. Performing a surgical procedure without obtaining prior proper informed consent.

VI.

As a result of the foregoing acts or omissions, John King has suffered the following injuries:

a. Permanent neurological damage;

b. Permanent chronic pain;

c. Permanent loss of bladder function;

d. Permanent blurred vision;

e. Permanent numbness on the left side of his body;

f. Permanent loss of motor skills;

g. Permanent impotency;

h. Permanent nerve block in his right leg;

i. Muscle spasms;

j. A stroke secondary to damage to spinal cord during the operative procedure performed in January, 2000;

    k.     Instability and impaired mobility which has resulted in and caused him to fall, sustaining permanent injury to his knee;

    l.     Post traumatic stress disorder, depression, and anxiety.

### VII.

At all times pertinent herein, Lori King and John King were legally married. Joshua King, Tyler King and Kaitlin King are the natural children of John King.

### VIII.

As a result of the above, the plaintiffs have suffered extensive general and special damages as evidenced the law will permit, including but not limited to:

    a.     Past and future impairment of earning capacity;

    b.     Past and future loss of enjoyment of life;

    c.     Past and future loss of consortium, services, common nurturing, and society;

    d.     Past and future mental anguish, humiliation, embarrassment, and worry;

    e.     Past and future medical rehabilitative and custodial care and expenses;

    f.     Past and future physical pain and suffering; and

    g.     Past and future disability.

### IX.

Plaintiffs submitted their claim to the appropriate federal agency on or about February 11, 2000. Said claim was denied and plaintiffs requested reconsideration. Reconsideration was denied on September 30, 2002.

**WHEREFORE**, petitioners pray that a copy of this petition be served on defendant, and after lapse of all legal delays and due proceedings are had herein,

that there be judgment rendered in favor of petitioners and against defendant, United States of America, for all general and special damages allowed in the amount of **FIVE MILLION (5,000,000.00) DOLLARS**, plus legal interest from date of administrative demand until paid, as well as all costs of these proceedings.

**PLAINTIFFS FURTHER PRAY** for all general and equitable relief.

Respectfully submitted:

Hunter & Morton

_____
**JOHN E. MORTON** (1495)
**VICTORIA R. MURRY** (18584)
Post Office Box 11710
1916 Gus Kaplan Drive
Alexandria, LA 71315
(318) 487-1997
**ATTORNEYS FOR PLAINTIFFS**